UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENKEL OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:18-cv-00965-WWE |
| | : | |
| RELIASTAR LIFE INS. CO., | : | |
|     Defendant. | : | |

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Henkel provides health benefits to its employees and their dependents through a group employee health benefit plan. Pursuant to the plan, Henkel designated Aetna Life Insurance Company as the claims administrator for medical benefits and Express Scripts Inc. as the claims administrator for prescription drug benefits.

ReliaStar provided stop loss insurance to Henkel for approximately ten years, through 2017. Pursuant to the stop loss insurance policy, Henkel agreed to pay monthly premiums to ReliaStar in exchange for health insurance coverage in excess of Henkel's deductibles. In other words, ReliaStar provided protection to Henkel against catastrophic or unpredictable healthcare benefit costs.

ReliaStar performed an audit of certain prescription drug benefits paid pursuant to Henkel's health benefit plan and concluded that the expenses were not covered under the stop loss policy. Based on these findings, ReliaStar denied Henkel's claim for reimbursement.

Similar to Zurich North America v. Matrix Service Inc., 2004 WL 5552031, at *4 (N.D. Okla. June 22, 2004), the plan's administrators in the instant case have construed

the terms of the plan in a manner with which the stop loss insurer, ReliaStar, does not agree.

As in Zurich, here, the plan is the controlling document as to eligibility. If an employee is covered under the terms of the plan, then the policy kicks in and the respective payment obligations of Henkel and ReliaStar are governed by the policy. See id.

Henkel has moved for judgment on the pleadings, seeking a declaration that under the plain language of the stop loss insurance policy ReliaStar does not have the right to make underlying benefit determinations, to overrule the determinations of the fiduciary claims administrators, or to deny coverage on the basis of its assertion that an employee's treatment was experimental or investigational.

Henkel contends, and the court agrees, that ReliaStar does not have the right to "veto" the plan administrators' determinations merely because ReliaStar disagrees with such determinations. See Computer Aided Design Systems, Inc. v. Safeco Life Ins. Co., 235 F. Supp. 2d 1052, 1059 (S.D. Iowa 2002) ("[P]roviding an excess loss insurance company with the unfettered power to control a plan administrator's decision making process by promising to withhold payment or by making post hoc coverage decisions runs afoul of ERISA and public policy, and is most definitely unreasonable.").

Nevertheless, ReliaStar submits that it should not be obligated to pay for coverage without question. This is true, but the question is not whether ReliaStar would have reached the same conclusion as the plan administrators. In this sense, the contrary finding of ReliaStar's "audit" is immaterial. The real question is: To what standard must the plan administrators be held?

In Computer Aided Design Systems, the district court held that "a claim is a covered expense under the plan when, absent an abuse of discretion, the Plan Administrator determines the claim is covered under the plan." 235 F. Supp. 2d at 1059. Here, ReliaStar submits that the plan administrators abused their discretion, namely because plan participants' diagnoses had not been confirmed through sufficient "complement testing" and because participants' drug therapies were "experimental and investigational."

ReliaStar argues that Henkel's motion is premature, as disputed issues of material fact cannot be resolved on the pleadings. ReliaStar submits that it is entitled to discovery before the case is resolved. Henkel counters that ReliaStar seeks voluminous and unnecessary discovery, where resolution of the case turns primarily on a matter of law.

At summary judgment, the court in Computer Aided Design Systems found, based on the benefits plan in that case, that the "plan administrator alone has the authority to determine whether a procedure is experimental." Id. at 1060. The court then looked to abuse of discretion standards applicable to the typical ERISA case, where a plan beneficiary challenges the actions of the administrator.

> Important in this review is that the Court will not substitute its judgment for that of the administrator. That is, the Court will not overturn an administrator's decision simply because the Court disagrees. Rather, the discretionary standard is whether a reasonable person, given the evidence presented in the administrative record, could have reached the same decision, not whether the reasonable person would have reached a like decision.

Id. at 1061.

The court will permit additional discovery into whether the administrators' decisions in this case were supported by substantial evidence. See Hobson v. Metropolitan Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009) (Finding that an administrator's ultimate conclusion shall not be disturbed unless it is arbitrary and capricious). However, discovery shall be limited to (1) the administrators' authority under Henkel's healthcare plan, and (2) whether that authority was abused.

Henkel's motion for judgment on the pleadings is DENIED. By April 12, 2019, the parties shall submit a proposed schedule for discovery and dispositive motions.

Dated this 28th day of March, 2019, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W EGINTON
SENIOR UNITED STATES DISTRICT JUDGE