# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENKEL OF AMERICA INC., <br> *Plaintiff*, <br><br> v. <br><br> RELIASTAR LIFE INS. CO. and <br> EXPRESS SCRIPTS INC., <br> *Defendants*. | 3:18-cv-00965-JAM |

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Henkel of America, Inc. ("Henkel") has paid about $50 million in prescription drug costs for two of its employee health plan participants who suffer from a rare medical condition. Henkel now seeks to recoup most of these costs from one of its insurance companies—defendant ReliaStar Life Insurance Company ("ReliaStar"). In the alternative, Henkel seeks to recover from the claims administrator who approved the prescription drug claims on Henkel's behalf—defendant Express Scripts Inc. ("Express Scripts"). Express Scripts has now moved to dismiss Henkel's claims against it, and I will grant the motion.

### BACKGROUND

The following facts are drawn from Henkel's amended complaint and are accepted as true only for purposes of ruling on this motion. Henkel provides health benefits to its employees and their dependents through a self-funded group health benefit plan. Pursuant to the plan, Henkel designated Aetna Life Insurance Company as the claims administrator for medical benefits and Express Scripts as the claims administrator for prescription drug benefits.

ReliaStar provided to Henkel what is known as "stop-loss" insurance. Under a stop-loss insurance policy, an insurer for a self-funded health plan takes on the risks of claims that exceed

1

an agreed threshold, thus giving the employer with a self-insured health plan a measure of protection against unanticipated high-dollar claims.

Henkel ended up needing its stop-loss insurance. Two of its plan participants suffered from a rare health condition that proved extraordinarily costly to treat. By the end of 2017, the claims for these two participants' prescription drug expenses—all as approved by Express Scripts—exceeded $50 million.

Henkel paid the claims and sought reimbursement from ReliaStar. At first, ReliaStar paid reimbursement for claims that arose in 2015 but then it hired a consultant, Optum Healthcare ("Optum"), to perform an independent audit of the most expensive of the claims that arose in 2016 and 2017. Optum concluded that the two plan participants' treatment was "experimental and investigational," such that the prescription drug claims should not have been covered by the plan. ReliaStar denied Henkel's claims for 2016 and 2017 on the basis of the Optum review.

The complaint does not say more about what Optum concluded. According to Henkel, however, the scope of Optum's review was incomplete. It was limited to just a subset of the participants' medical records, and Optum did not discuss the participants' conditions, diagnoses, treatments, or prognoses with the relevant healthcare providers.

Henkel filed this action against ReliaStar and moved for judgment on the pleadings. Judge Eginton denied the motion. Doc. #47; *Henkel of Am. v. ReliaStar Life Ins. Co.*, 2019 WL 2462605 (D. Conn. 2019). Henkel then filed an amended complaint to join Express Scripts as an additional defendant. Doc. #56.

Henkel's claims against Express Scripts are alleged as an *alternative* to its primary claims against ReliaStar—that is, to put Express Scripts on the hook for liability if indeed ReliaStar is

correct that the prescription drug claims were wrongly approved by Express Scripts as the claims administrator.

The amended complaint alleges two claims for breach of fiduciary duty against Express Scripts. Count Five alleges a statutory breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Count Six alleges a common law breach of fiduciary duty. Express Scripts now moves to dismiss these two claims against it.

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has explained, this "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ibid.* In other words, a valid claim for relief must cross "the line between possibility and plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A complaint, for example, is not sufficient if it merely alleges facts that are just as consistent with lawful conduct as they are with unlawful conduct. *See Iqbal*, 556 U.S. at 678.

In addition, a complaint cannot rely on just conclusory allegations. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). A complaint that engages in a threadbare recital of the elements of a cause of action but does not include supporting factual allegations does not establish plausible grounds for relief. *Ibid.* In short, a court's role when reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a facially plausible claim for relief.

*Failure to allege facts that give rise to plausible grounds for relief*

Express Scripts argues as to both of Henkel's claims that the complaint does not allege facts to show that Express Scripts breached its fiduciary duty as a claims administrator. I agree. The complaint rotely alleges that Express Scripts violated its fiduciary duty but is otherwise devoid of any allegations of supporting facts to suggest *how* Express Scripts did so.

To be sure, the complaint refers to Optum's findings that Express Scripts wrongfully approved claims that were for experimental or investigational treatment. But this bare reference to what Optum ultimately concluded is no substitute for actual factual allegations that cross the line from a claim for a *possible* breach of fiduciary duty to a claim for a *plausible* breach of fiduciary duty.

Suppose, for example, that this were a traffic accident case and that the plaintiff alleged her car was in a collision with the defendant's car and that a police officer on the scene decided that the defendant was at fault. In the absence of any facts describing the basis for the police officer's conclusion, such a complaint would properly be subject to dismissal for failure to allege non-conclusory facts that cross the line from possible negligence to plausible negligence. The same holds true for Henkel's reliance on merely the fact that Optum reached a different conclusion than Express Scripts about the validity of the prescription drug claims.[1]

Henkel seeks refuge in the Federal Rules of Civil Procedure that allow it to plead an alternative and inconsistent theory of relief. Henkel is correct that "[a] party may state as many

---

[1] The adequacy of factual allegations in a complaint may be established not only by those allegations set forth in the body of a complaint but also by information set forth in documents that are incorporated in or integral to the complaint. *See, e.g.*, *Lynch v. City of New York*, -- F.3d. --, 2020 WL 1036620, at *9 (2d Cir. 2020). So, for example, in the traffic accident case above, a complaint might attach or incorporate the contents of a police report that explain the basis for the officer's conclusion that the defendant was at fault. Likewise, if Optum issued reasoned written findings to support its conclusion, it may be that those findings would be sufficient to establish plausible grounds to conclude that Express Scripts breached its fiduciary duty. Here, however, the amended complaint attaches nine documentary exhibits as to Henkel's claims against ReliaStar but does not purport to incorporate or integrate any written findings by Optum.

separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "[T]he federal rules recognize that inconsistency in the pleadings does not necessarily mean dishonesty, and that frequently a party, after a reasonable inquiry and for proper purposes, must assert contradictory statements when he or she legitimately is in doubt about the factual background of the case or the legal bases that underlie affirmative recovery or defense." 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1283 (3d ed. and Aug. 2019 update).

But does a plaintiff's right to plead an inconsistent claim mean that the plaintiff need not plead facts to support that inconsistent claim? No, it does not. As the Second Circuit has noted, "the plaintiff is at liberty to plead different theories, even if they are inconsistent with one another, and the court must accept each sufficiently pleaded theory at face value, without regard to its inconsistency with other parts of the complaint." *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

Thus, each claim must be "sufficiently pleaded." There is no reason why allowing a plaintiff to plead inconsistent claims should relieve a plaintiff from adequately supporting each one of its claims in the first place. Instead, the rule of inconsistent pleading does no more than protect a plaintiff from having fact allegations in support of one claim disregarded on grounds that they are at odds with fact allegations in support of an inconsistent claim elsewhere in the complaint.

Henkel further argues that it is excused from alleging necessary facts because "the allegedly contradictory theories relate to a legal determination—ReliaStar's liability—and not to conditions of fact." Doc. #68 at 9. I do not agree. If Henkel is ultimately to recover against Express Scripts for breach of fiduciary duty, it must prove facts to show this breach—not just

legal conclusions. And it must start by alleging enough of these facts in a complaint to give rise to plausible grounds for relief.

Henkel has not alleged facts sufficient to give rise to plausible grounds for relief against Express Scripts. Accordingly, I will dismiss Henkel's claims against Express Scripts (Count Five and Count Six) without prejudice for failure to state a claim.

### *Preemption of claim for common law breach of fiduciary duty*

In view of the likelihood that Henkel will file an amended complaint (as it has indeed requested an opportunity to do), I will additionally address the preemption challenge by Express Scripts to Henkel's common law claim for breach of fiduciary duty as alleged in Count Six. The starting point is ERISA's express preemption provision. Section 514 of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Section 514 may preempt "common law causes of action" that are "based on alleged improper processing of a claim for benefits under an employee benefit plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987).

The Supreme Court has ruled that whether a state law claim "relates" to an ERISA plan should be evaluated by looking to whether the claim has an impermissible "connection with" an ERISA plan—that is, whether the claim would "govern[ ] . . . a central matter of plan administration," "interfere[ ] with nationally uniform plan administration," or "force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers." *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 943 (2016). The Second Circuit in turn has noted "a reluctance to find ERISA preemption where state laws do not affect the relationships among the core ERISA entities" like fiduciaries and administrators, but on the other hand has noted a tendency to find preemption of "state laws affecting the determination of

eligibility for benefits, amounts of benefits, or means of securing unpaid benefits." *Stevenson v. Bank of N.Y. Co., Inc.*, 609 F.3d 56, 59-61 (2d Cir. 2010); *Estate of Kenyon v. L + M Healthcare Health Reimbursement Account*, 404 F. Supp. 3d 627, 635 (D. Conn. 2019) (same).

Both Henkel and Express Scripts are fiduciaries under the ERISA plan, and Henkel's common law claim against Express Scripts solely concerns the execution by Express Scripts of its duties as an ERISA fiduciary with respect to claims administration and the award of benefits. Henkel does not allege any facts to plausibly suggest that Express Scripts owed or breached any fiduciary duty that is distinct from the duties imposed on Express Scripts as an ERISA claims administrator. So, for example, to the extent that Henkel alleges that Express Scripts once told Henkel that "it believed the claims were valid and were being administered appropriately" and "continued to approve these claims, even after it was aware that ReliaStar had retained Optum to conduct its review in June 2017," Doc. #56 at 34 (¶¶ 174, 175), these statements and conduct were part-and-parcel of the execution of the duties of Express Scripts as ERISA claims administrator on Henkel's behalf.

Henkel's common law claim involves core ERISA entities and the exercise of core ERISA functions for claims administration that plainly "relates to" an ERISA plan. Accordingly, I conclude that ERISA preempts Henkel's common law claim for breach of fiduciary duty (Count Six) against Express Scripts.

## CONCLUSION

For the foregoing reasons, Express Scripts's motion to dismiss is GRANTED as to all claims by Henkel against Express Scripts. Henkel may file any amended complaint as to Express Scripts by **April 8, 2020**.

It is so ordered.

Dated at New Haven this 24th day of March 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge